15-3699(Con)
USA v. Rodriguez

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2016

(Petition for Rehearing
Filed:  March 1, 2018                                        Decided: April  24, 2018)

Docket No. 15-3699

_____

UNITED STATES OF AMERICA,

*Appellee*,

- v. -

MARCOS RODRIGUEZ, a/k/a Markito,

*Defendant-Appellant-Petitioner*,

RANDALL MARTINEZ, a/k/a Randall, a/k/a Jose Rodriguez, a/k/a Jose Rodriguez-Saez, a/k/a Rando Martinez, a/k/a Randall Martinez-Espinal, HENRY FIORENTINO, JOSE TEJADA,

*Defendants-Appellants*.

_____

Before:  KEARSE, JACOBS, and POOLER, *Circuit Judges*.

On appellant Rodriguez's Petition for Rehearing by the Panel.

Petitioner seeks rehearing, contending that the original panel decision, *United States v. Martinez*, 862 F.3d 223 (2d Cir. 2017), erroneously ruled that his statute-of-limitations defense had been waived for failure to assert it at or before his trial, arguing that he had in fact raised the defense prior to trial by joining in pretrial motions asserted by a codefendant. The petition is denied because the codefendant's motion that petitioner purported to join asserted a statute-of-limitations defense that relied on the personal conduct of that codefendant, did not mention the conduct of petitioner, did not assert the principles on which petitioner seeks to rely, and asserted premises disavowed by petitioner in his appeal.

Petition for panel rehearing denied.

Tina Schneider, Portland, Maine, *for Defendant-Appellant-Petitioner Rodriguez.*

KEARSE, *Circuit Judge*:

Defendant-appellant Marcos Rodriguez petitions for a rehearing of so much of our decision in *United States v. Martinez*, 862 F.3d 223 (2d Cir. 2017), as affirmed his conviction of and his enhanced sentence for a firearm offense. Rodriguez, indicted in November 2009, was convicted, following a jury trial in July

2011, of conspiracy to commit Hobbs Act robbery, conspiracy to distribute narcotics, and use of a firearm in furtherance of those conspiracies. On appeal, he stated that "THE SOLE ISSUE PRESENTED FOR REVIEW" was whether the seven-year enhancement of his sentence for the firearm conviction was error, arguing that there was insufficient evidence "that anyone allegedly involved in the predicate conspiracies had committed any firearms offenses in furtherance of either of th[e alleged] conspiracies within the applicable 5-year statute of limitations period." (Rodriguez brief on appeal at 2; *see, e.g., id*. at 14 ("no evidence . . . that any actor in the charged conspiracies committed a firearms offense beyond the summer of 2004").) We rejected his challenge on the ground that he had failed to raise his statute-of-limitations defense at or prior to trial and hence had waived it.

Rodriguez now seeks a rehearing, stating that he "*did*, in fact, raise a statute of limitations defense before trial" (Rodriguez Rule 35 Petition for Rehearing En Banc and Rule 40 Petition for Panel Rehearing ("Rodriguez Petition") at 3 (emphasis in original)). We deny the petition for panel rehearing because the defense to which Rodriguez points--asserted by a codefendant--neither was nor purported to be applicable to Rodriguez or to the argument Rodriguez asserted on appeal.

Rodriguez's petition argues that he "raise[d] a statute of limitations defense before trial" because "[o]n June 2, 2011," he "made 'an application to join in the [then-pending] motions of co-defendant Fiorentino'" (Rodriguez Petition at 3 (quoting first sentence of Rodriguez's then-attorney Philip Katowitz's Letter dated June 2, 2011, to Judge Sandra Townes, Dkt. No. 544)). The petition does not point to any other invocation of a statute-of-limitations defense by Rodriguez at or before his trial. While such a blanket invocation as that made in the June 2011 letter may have been sufficient to preserve defenses for Rodriguez to the extent that Fiorentino's motions were applicable to Rodriguez, Fiorentino's statute-of-limitations arguments were not applicable to Rodriguez or to the limitations theory Rodriguez espouses. A defendant's statement that he joins all of the arguments made by his codefendants does not preserve for his benefit arguments that do not apply to him.

The motions of Fiorentino, to the extent that they invoked the statute of limitations, argued that all of the counts against him should be dismissed as time-barred on the grounds (1) that the alleged conspiracies did not exist after November 2004, or (2) that he had withdrawn from the conspiracies prior to November 2004. (*See* Fiorentino Memorandum of Law in Support of Pretrial Motions, Dkt. No. 539 ("Fiorentino Motion") at 6-11.) As to his first contention, he stated that "in order for

4

the conspiracies to fall within the requisite five-year period, they must have continued through November 2004" (*id*. at 9), and that "the government has disclosed that Mr. Fiorentino participated in 26" of the alleged robberies, "none [of which] clearly fall within the five[-]year[]" period (*id*. at 10). Fiorentino's argument that the conspiracies had ended prior to the limitations period--requesting dismissal of all counts--stands in sharp contrast to the statute-of-limitations argument made by Rodriguez, which conceded continuation of the conspiracies and expressly asked that he be granted relief "SOLE[LY]" as to the firearm count "while leaving undisturbed" his convictions for the "Hobbs Act and narcotics conspiracies." (Rodriguez brief on appeal at 2, 4.)

Further, Fiorentino, as to his second statute-of-limitations contention, argued that even if the conspiracies continued past November 2004, he had withdrawn from them in 2003, an assertion made only as to Fiorentino himself. He stated that the government had not "established that Mr. Fiorentino did not withdraw from the conspiracy prior to November 2004," pointing out that there was "ample reason . . . to believe that he had withdrawn" by "December 2003" based on "records of Mr. Fiorentino's extensive travel outside of New York" (Fiorentino Motion at 11)--a prolonged absence mentioned by Rodriguez himself in his brief on appeal, stating

that "[b]efore the end of 2003, Fiorentino . . . fle[d] to his native Dominican Republic, where he stayed until shortly before his arrest in New York in 2009" (Rodriguez brief on appeal at 13).

Thus, Fiorentino asserted a statute-of-limitations defense that was personal to himself. Rodriguez has not pointed to any statute-of-limitations argument by Fiorentino based on a lack of firearm-related conduct by participants in conspiracies that were ongoing past November 2004, or based on any action or inaction by Rodriguez. As none of the arguments made by Fiorentino pertained to Rodriguez or to the statute-of-limitations argument that Rodriguez asserted on appeal, we conclude that Rodriguez's adoption of Fiorentino's arguments was insufficient to raise Rodriguez's own statute-of-limitations defense.

The petition for panel rehearing is denied.