15-3699
USA v. Rodriguez

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

# S U M M A R Y   O R D E R

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 30th day of January, two thousand twenty.

Present:     AMALYA L. KEARSE,
             DENNIS JACOBS,
             ROSEMARY S. POOLER,

             *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

             - v. -                                    No. 15-3699-cr

MARCOS RODRIGUEZ, a/k/a Markito,

                    *Defendant-Appellant*.

_____

For Appellant:                    Tina Schneider, Portland, Maine.

For Appellee:                     Sylvia Shweder, Ass't U.S. Att'y, Richard P. Donoghue, U.S. Att'y, Brooklyn, New York.


On remand from the United States Supreme Court.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the October 9, 2015 judgment of conviction entered in the United States District Court for the Eastern District of New York against defendant Marcos Rodriguez be and it hereby is VACATED; Rodriguez's conviction on count 3 is REVERSED; his convictions on counts 1 and 2 are AFFIRMED; and the matter is REMANDED FOR RESENTENCING on counts 1 and 2, without an enhancement under 18 U.S.C. § 924(c).

In *United States v. Martinez*, 862 F.3d 223 (2d Cir. 2017) ("*Martinez*"), this Court affirmed the convictions of defendant Marcos Rodriguez for conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (count 1), conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 (count 2), and brandishing a firearm during and in relation to a "crime of violence," 18 U.S.C. § 924(c)(3), and/or narcotics trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count 3). The jury expressly found that the gun referred to in count 3 had been brandished in connection with the robbery conspiracy. Rodriguez was sentenced principally to 188 months' imprisonment on counts 1 and 2, and to a consecutive imprisonment term of seven years on count 3. We rejected Rodriguez's "sole contention," 862 F.3d at 235, that the district court had erred in rejecting his statute-of-limitations defense to count 3, concluding that such a defense had not been timely raised, *see id*.

Rodriguez petitioned this Court for rehearing on his statute-of-limitations contention, arguing that he had timely asserted the defense by adopting a motion of one of his codefendants. His petition was denied because, *inter alia*, the motion Rodriguez purported to adopt had asserted a statute-of-limitations defense that was based only on facts that were applicable to the personal conduct of the codefendant, not to Rodriguez, and on arguments that Rodriguez disavowed in his appeal. *See United States v. Rodriguez*, 888 F.3d 26, 29 (2d Cir. 2018) ("*Rodriguez*").

Rodriguez petitioned the United States Supreme Court for certiorari, challenging our rejections of his statute-of-limitations contentions in *Martinez* and *Rodriguez*, and contending additionally that the residual clause of § 924(c)(3) is void for vagueness. The Supreme Court granted the petition, vacated our judgment, and remanded to us for further consideration, in light of its decision in *United States v. Davis*, 588 U.S. ----, 139 S. Ct. 2319 (2019), which held that the residual clause in § 924(c)(3) is unconstitutionally vague.

In *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019) ("*Barrett*"), following a similar post-*Davis* remand from the Supreme Court, this Court held that *Davis* "precludes" a conclusion "that [a] Hobbs Act robbery conspiracy crime qualifies as a § 924(c) crime of violence," 937 F.3d at 127. The parties here have submitted supplemental briefs, agreeing that, while Rodriguez's convictions for robbery conspiracy and drug conspiracy should be affirmed in all respects, his convictions and sentence with respect to the § 924(c) count must be vacated pursuant to *Davis* and *Barrett*, and the matter should be remanded for resentencing without the § 924(c) enhancement.

For the foregoing reasons, the judgment of the district court is vacated; Rodriguez's conviction on count 3 is reversed; his convictions on counts 1 and 2 are affirmed; and the matter is remanded for resentencing of Rodriguez on counts 1 and 2, without a § 924(c) enhancement.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court